UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY G. HERBERT,<br><br>  Petitioner,<br><br>  v.<br><br>WAYDE SILVA,<br><br>  Respondent. | Case No. C14-763-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the King County Correctional Facility in Seattle, WA. Petitioner has filed a habeas petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 5. Petitioner's habeas petition claims his rights were violated during a prison infraction hearing at the King County Correctional Facility for destroying a phone booth. Dkt. 5 at 5. Specifically, he claims he was unable to call a witness, submit evidence or view the alleged broken phone. *Id.* After careful consideration of the petition, supporting materials, governing law and the balance of the record, the Court concludes that petitioner's proposed petition should be dismissed without prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II. DISCUSSION

### A. Failure to Exhaust State Court Remedies

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing, *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The petition fails to indicate that each claim has been appealed to the appropriate state court for review. Typically, a claim must be presented to both the Washington Court of Appeals and the Washington Supreme Court before it becomes eligible for review by this Court. As a result, petitioner's petition should be dismissed.

### B. Failure to Clearly Allege Any Violation of Federal Constitutional Rights

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1983)). Petitioner appears to present in his petition only an issue concerning his hearing pursuant to a prison infraction. Such a claim is not cognizable in a federal habeas action. If petitioner wishes to pursue relief in this federal habeas action, he must identify the federal constitutional ground(s) upon which he seeks relief from his state court judgment and he must demonstrate that he properly exhausted his federal constitutional claim(s) by presenting the claim(s) to each appropriate state court for review.

REPORT AND RECOMMENDATION
PAGE - 2

*See Baldwin*, 541 U.S. at 29.  As a result, petitioner's petition should be dismissed.

### III.     CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends DENYING petitioner a COA.

### IV.     CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's proposed habeas petition (Dkt. 5) be DISMISSED without prejudice.  The Court further recommends that a certificate of appealability be denied with respect to petitioner's alleged grounds for relief.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 26, 2014**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

//

//

REPORT AND RECOMMENDATION
PAGE - 3

objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 27, 2014**.

DATED this 5th day of June, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4